Green, J.
delivered the opinion of the court.
At the June term, 1836, of the Giles circuit court, the following order was made, viz. “By consent of the parties by their attorneys, all the matters in difference between them in this suit are referred to the final determination of Charles C. Abernathy, whose award thereupon, is tobe made tl)e.judgment of the court, and the same is ordered accordingly.” At the Februaiy term, 1837, Abernathy returned to court his award, by which he decided that the plaintiff in error, who was defendant below, was indebted to Puryear $109 76, which award was confirmed and made the judgment of the court. There was no notice taken of the cause at the October term, 1836, and the question is, whether the power of the arbitrator to make the award, expired at the succeeding term, after the submission was made a rule of the court,
We have no statute upon the subject of arbitrations, and must therefore be governed by principles and the usage of the courts in settling the practice on the subject.
In England before the passing of the Statute of the 9th & 10th Will, c 3, § 15, the courts were in the practice of re--ferrlng causes to arbitration by rule of court. Watson on Arb. and Aw. 25. The courts of this state have been constantly in the habit of making such references, and so far as. we are advised, of acting afterwards upon the subject accord *442 ing to the terms of the order. Most usually, the order making the reference, directs the award to he returned to the next term of the court. In such case, if no award be made, the order is considered as no longer obligatory, and may be set aside at the instance of either party; or if the agreement to arbitrate still continue, an order extending the time of making- the award is. made. This- practice would seem to follow from the character of the submission. The parties in agreeing to the rule of court, limit the time, within which the. arbitrator may act, and as all his power is derived from the agreement of the parties contained in the rule of court, it follows, that his award cannot bind them, if made after the time limited in his power. This view of the subject is supported by the authority of the supreme court of Massachusetts. The statute of that state directs, that the awards be returned- to the succeeding term of the court, after the submission. Upon this statute it is determined, 1 Mass. Rep. 23, that an award made after the term, at which it should have been presented, is not binding upon the parties. But as thejdecision is placed expressly upon the requisitions of the statute, it would seem to follow, that if there were no statute, and the submission contained in the rule of court, were indefinite' as to the time, within which th.e award should be made, the arbitrator would have power to act at any time, so long as the submission remained unrevoked. Either party may countermand the authority of an arbitrator at any time before the award be made, whether the submission is by rule of court, or by a contract of the parties. Watson on Arb. and Aw. 16. But although the arbitrator’s authortty would be determined by such revocation, yet, if made contrary to, and in violation of the agreement of submission, an action will lie on the submission against the party revoking. Ib. 23. If the revocation be of a submission which has been made a rule of court, it has been held a contempt of court., for which an attachment might issue against the party. Salk. 73.
But if no time be limited- in the submission for the arbitrator to make his award in, if the arbitrator, after request, neglect or refuse, to make his award within a reasonable time, *443 éither party may revoke the arbitrator’s authority. Wat. on Arb. and Aw. 23.
It seems from these principles and authorities that if there be a time fixed in the submission, whether it be by rule of court or contract, within which the award is tó be made, the arbitrator has no power to act after that time elapses; but that if no time be limited in the submission the arbitrator may act at any time, until his authority is revoked. In the present case there is no time limited for making the award, and the authority conferred on the arbitrator remaining unrevoked, he bad power to make the award at the time it was done, and it was properly made the judgment of the court. Kid on Awards, 26, 27. Affirm the judgment.
Judgment affirmed.